The opinion of the Court was delivered by
O’Neall, J
In this case, I think the plaintiff, after examining the defendant upon his whole case, had no right to introduce other testimony. The true rule is stated in Brown vs. Stroud, 8 Rich. 292. In that case it is stated: “when he” (the plaintiff) “desires the benefit of the defendant’s oath, and examines him by interrogatories, he stands as a complainant in equity; having sought and obtained, or failed to get a discovery, the defendant’s statement cannot be controverted.” For in such a case (a sum. pro.) the defendant may be examined, because the plaintiff chooses to say, I have no other proof. This makes the case exactly analogous to the bill for discovery, as ancillary to another suit.
There is no doubt about the rule in the process jurisdiction, that if the defendant’s answer charges him with a liability, he cannot discharge himself by his answer, as if he admits he purchased goods, he cannot say I paid for them. Walker vs. Berry, 8 Rich. 33, decided upon the authority of Clark vs. Meek, 2 Bail. 391.
But if, as here, many particulars enter into the answer to the interrogatory to show the liability, or non-liability of the defendant, then, I think, it does not fall Avithin the rule stated *53 and tbe whole answer must be taken. It is true, tbe plaintiff may decline to use tbe answers, and resort to other proof.
A new trial is therefore ordered.
Wardlaw, Withers, Whitner, GIloyer and Munro, JJ., concurred.

New trial ordered.